**GOLDBERG & FLIEGEL LLP**
ATTORNEYS AT LAW
488 MADISON AVENUE, SUITE 1120
NEW YORK, NEW YORK 10022
www.goldbergfliegel.com
www.employmentlaw.nyc

KENNETH A. GOLDBERG                    TELEPHONE: (212) 983-1077
MICHELE L. FLIEGEL                     FACSIMILE: (212) 973-9577

November 7, 2018

**VIA ECF**

Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Bulsara_Chambers@nyed.uscourts.gov

　　　Re:　**Eliana Galan v. El Anzuelo Fino, Corp. et al.**
　　　　　**18 Civ. 00881 (E.D.N.Y.) (CBA) (SJB )**_____

Dear Judge Bulsara:

　　　We represent Defendants El Anzuelo Fino, Corp. and Amilcar Torres ("Defendants") in the above-referenced matter that alleges claims for unpaid wages under the Fair Labor Standards Act of 1938 ("FLSA") and New York State Labor Law ("NYLL").   This letter motion is submitted on behalf of Plaintiff and Defendants.   We are pleased to report that the parties have, after extensive negotiations and with Your Honor's help at the September 2018 settlement conference, agreed upon a settlement in this matter as between Plaintiff and Defendants.[1]

　　　The total amount of the settlement is $3,750 ("Settlement Amount"), to be allocated as follows: (1) $1,500 to Plaintiff Eliana Galan (*see* ECF #1); (2) $1,500 to Elsa Mayor, who seeks to join the lawsuit as an additional plaintiff (*see* ECF #19); and (3) $750 to Plaintiffs' counsel for attorneys' fees and costs.   For purposes of this letter, Ms. Galan and Ms. Mayor are referred to as "Plaintiffs."   By this letter motion, the parties jointly request that the Court approve the parties' agreed-upon settlement and approve the form of Settlement Agreement annexed hereto as Exhibit A.

---

[1]Plaintiff also included in the caption a "Sierra Reyes" as a party-defendant, who is not a party to the Settlement Agreement discussed in this letter motion.

This Court's approval is only required with respect to settlement of the FLSA claims addressed in the annexed Settlement Agreement.   *See, e.g.*, 29 U.S.C. §§ 206, 207, 216(c); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The statements herein are made for settlement purposes only and without prejudice.

Defendants deny Plaintiffs' claims.

## POINT ONE

## PLAINTIFFS' POSITION

Plaintiffs allege that they were underpaid for two reasons.

First, Plaintiffs allege they were required to work hours beyond the end of their scheduled shift, on average 1 extra hour, and on weekend shifts, 2 extra hours.   Second, Plaintiffs allege that they were paid $7.50 per hour and that the applicable minimum wage rate was $11. Plaintiffs maintain that under the NYLL, Defendants were ineligible to apply tips to Plaintiffs' wages because Defendants failed to provide the required written notice of their regular hourly pay rate, their overtime hourly pay rate, the amount of tip credit to be taken from the basic minimum hourly pay rate, and the regular payday, nor did Defendants provide explicit notice that extra pay is required if tips are insufficient to bring Plaintiffs' wages up to the basic minimum hourly rate. 12 NYCRR §§146-1.3, 146-2.2.   Plaintiffs further contend that no tip credit is due where employees spend significant hours of their workshift performing job duties for which they do not customarily receive tips.   Plaintiffs also allege that Defendants failed to provide proper notice and wage statements, in violation of NYLL § 195(3) and 195(1).

Plaintiffs allege the following compensatory damages regarding their unpaid wages claims, as well as liquidated damages thereon pursuant to the FLSA and NYLL, statutory damages for notice violations, prejudgment interest and prevailing party attorneys' fees and expenses.   The compensatory damages are listed below.

| Plaintiff: | Amount: |
|---|---|
| Ms. Galan: | $670.23 |
| Ms. Mayor: | $1,344.50 |

2

## POINT TWO

## DEFENDANTS' POSITION

### A.    Description

Defendants deny Plaintiffs' claims.   Each Plaintiff worked part-time as a server at a small restaurant in Queens ("Restaurant") for a few weeks in 2017 and was paid in full. Plaintiffs assert baseless claims under the FLSA and NYLL, specifically: (a) failure to pay minimum wages in violation of FLSA and the NYLL; and (b) violation of NYLL provisions regarding wage notices/statements of wages.   (*See* ECF #1, *see also* ECF #17).

Ms. Galan, who filed this lawsuit, alleges claims against: (a) El Anzuelo Fino, Corp. (the "Company"), which previously operated the Restaurant; and/or (b) Amilcar Torres ("Mr. Torres"), the owner of the Company.   Ms. Galan purports to invoke federal question jurisdiction under the FLSA and supplemental jurisdiction for her non-federal claims.   (*See, e.g.,* ECF #1, Compl. ¶ 4).   Ms. Galan also seeks to add another plaintiff to this action, Elsa Mayor ("Ms. Mayor"), who was also a short-term employee in 2017.   (*See* ECF #19).   Defendants vigorously deny Plaintiffs' purported claims and have various defenses to Plaintiffs' purported claims.

### B.    Defendants Maintain That They Have A Defense Based On Lack Of Jurisdiction

As a preliminary matter, Defendants submit that Plaintiffs cannot maintain any claims under the FLSA because (1) the Restaurant fails to meet the FLSA's "enterprise coverage" requirement and (2) Plaintiffs fail to meet that statute's "individual coverage" requirement (which Plaintiffs do not even plead in the Complaint).   Where the FLSA applies, that statute requires that a covered employer pay minimum wages and an overtime wage of not less than one and one-half times the regular rate for hours worked in excess of 40 hours in a single work week if a non-exempt employee is (1) employed by an enterprise engaged in commerce or in the production of goods for commerce, or (2) engaged in commerce or in the production of goods for commerce.   *See* 29 U.S.C. §§ 206, 207(a)(1).   (*See* ECF #17).

### C.    Defendants Maintain That Plaintiffs' Claims For Liability Have No Merit

Putting aside the issue of jurisdiction and Plaintiffs' failure to state a claim under the FLSA, Plaintiffs' claims for liability have no merit.   Defendants' records demonstrate that Plaintiffs were short-term employees that were paid in full and were paid above the applicable minimum wage rate.   Defendants maintain that, in 2017, the applicable minimum hourly wage rate was $10.50.   Defendants' records confirm that Plaintiffs were paid above $10.50/hour and were paid for all time worked.   Thus, Plaintiffs' claims for unpaid wages have no merit.   In addition, Plaintiffs have also alleged that Defendants failed to provide required wage and hour notices, precluding tip credits and entitling Plaintiffs to statutory penalties.   Defendants deny such claims.   Accordingly, Defendants maintain that no monies are owed to Plaintiffs.

3

## POINT THREE

## THE SETTLEMENT AMOUNT IS REASONABLE

The parties jointly submit that the Settlement Amount is reasonable.

First, based on the parties' positions, there are significant disputes.   Plaintiffs assert various claims for liability and damages and Defendants deny same.   Regarding Plaintiffs' claim for unpaid wages, Defendants allege that Plaintiffs were paid in full.   Simply put, there are disputes regarding the issues of both liability and damages.   Second, the parties exchanged documents and engaged in extensive good faith settlement negotiations, including a September 2018 settlement conference before the Magistrate Judge.   The agreed upon Settlement Amount was reached *at that conference with the Court's assistance.*   Third, the Settlement Amount provides each Plaintiff with a payment of $1,500, an amount larger than their alleged FLSA damages, and constitutes valid consideration for a binding release of Plaintiffs' FLSA and NYLL claims.   The Settlement Amount also allocates $750 to Plaintiffs' counsel, as and for attorneys' fees and costs.

For the foregoing reasons, the parties jointly request that the Court grant this letter motion, approve the parties' agreed-upon settlement, and approve the form of Settlement Agreement annexed hereto as Exhibit A.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

GOLDBERG & FLIEGEL LLP

By:      /s/ Kenneth A. Goldberg
_____
        Kenneth A. Goldberg, Esq.
488 Madison Avenue, Suite 1120
New York, New York 10022
(212) 983-1077
*Attorneys for Defendants*

LAW OFFICE OF MOHAMMED GANGAT

By:
_____
        Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810
New York, New York 10017
(718) 669-0714
*Attorneys for Plaintiff Eliana Galan and Opt-In
Plaintiff Elsa Mayor*

4

# EXHIBIT A

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement And Release ("Agreement") is made by and between (1) Eliana Galan and Elsa Mayor (collectively, the "Plaintiffs"), and (2) El Anzuelo Fino, Corp. and Amilcar Torres (collectively, the "Defendants"). Plaintiffs and Defendants are collectively referred to as the "Parties."

WHEREAS, Eliana Galan filed a lawsuit against Defendants in the United States District Court for the Eastern District of New York ("Court"), assigned Index Number 18 Civ. 00881 (CBA) (SJB) (the "Action" or the "Lawsuit") alleging that Defendants are liable for, among other things, unpaid minimum wage, overtime premium pay, spread-of-hours pay, statutory damages for failure to comply with wage notice and wage statement laws, liquidated damages, attorneys' fees and costs and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") and its implementing regulations;

WHEREAS, after the Lawsuit was filed, Elsa Mayor filed a Consent To Sue Under the Fair Labor Standards Act, seeking to join the Lawsuit as a party plaintiff;

WHEREAS, Defendants deny and continue to deny Plaintiffs' claims;

WHEREAS, there is a genuine good faith dispute between the Parties as to Plaintiffs' claims in the Action, including without limitation disputes regarding issues of fact and law, and

WHEREAS, the Parties have engaged in good faith settlement negotiations, including without limitation through a September 2018 settlement conference at Court before a Magistrate Judge, and as a result have agreed to a settlement pursuant to the terms of this Agreement; and

WHEREAS, the Parties have considered the interests of all concerned are best served by compromise, settlement, and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests.

NOW THEREFORE, in consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows:

1.      **<u>Settlement.</u>** The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not be construed as an admission by Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as an, admission of any act or fact whatsoever, including but not limited to any violation of federal, state,

local or common law, statute, ordinance, directive, regulation or order (including executive orders).

2.     **Payment to Plaintiffs.** In return for the good and sufficient consideration set forth herein, the Parties agree to the following:

a.     Defendants shall pay Plaintiffs the amount of $3,750 (the "Settlement Amount"). Plaintiffs agree to divide the Settlement Amount as follows: (i) $1,500 to Eliana Galan, (ii) $1,500 to Elsa Mayor, and (iii) $750 to Plaintiff's counsel, Mohammed Gangat, Esq. (as and for attorneys' fees and costs).

b.     Plaintiffs' counsel shall provide Defendants with executed W-9 forms for Ms. Galan, Ms. Mayor and Plaintiffs' counsel at the time of the execution of this Agreement.

c.     Defendants agree to pay the Settlement Amount by check made payable to Mohammed Gangat, Esq. and delivered to Mohammed Gangat, Esq., 675 3rd Avenue, Suite 1810, New York, NY 10017, via USPS mail with tracking service, or a comparable alternative (or by hand delivery), within fourteen days of the later of: (i) the Court's approval of the Agreement and (ii) the parties' complete execution of the Agreement.

3.     **Release and Waiver of Rights and Claims by the Parties.**

a.     Release of Claims. In consideration for the settlement payment set forth above, Plaintiffs, on behalf of themselves individually and collectively, and on behalf of their respective spouses, family members, heirs, executors, administrators, estate, partners, children, trustees, agents, representatives, predecessors, successors, assigns, and attorneys, hereby completely, irrevocably and unconditionally do release, waive and forever discharge all of the claims alleged in the Action and any and all claims, charges, complaints, judgments, or liabilities of any kind, against Defendants, their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, fiduciaries, trustees, administrators, employees, attorneys, accountants, insurers, reinsurers, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "RELEASEES"), whether known or unknown, and whether asserted or unasserted, arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., the New York State Labor Law (a/k/a "New York Labor Law"), as amended (including all regulations and minimum wage

orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, et seq., the New York Labor Law §§230, et seq., the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, and the New York State Wage Theft Prevention Act, all statutory, common law, legal and equitable claims for compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, and any claim for attorneys' fees or costs incurred in pursuing any such claims against any of the RELEASEES.

4.      For the avoidance of doubt, it is expressly noted that nothing in this agreement is intended to waive Plaintiffs' claims against Defendants for alleged violations of the New York State Human Rights Law and New York City Human Rights Law.

5.      **No Other Payment Due**. Except as specifically provided in this Agreement, Plaintiffs agree that they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from Defendants for any work they performed for Defendants during the relevant period as defined in the Complaint to the date the Parties execute this Agreement.  For the avoidance of doubt, it is expressly noted that nothing in this agreement is intended to limit Plaintiffs' rights to any award for damages for claims for alleged violations of the New York State Human Rights Law and New York City Human Rights Law, including claims for backpay, frontpay or any other item of damages available under these laws. 6.      **Dismissal of the Action**.

        a.  Plaintiffs promise and represent that they will withdraw and dismiss, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages filed with federal, state and local agencies/administrative bodies, and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the Action, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against Defendants; and will not accept any money from or file any other currently existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Defendants' payment of wages to Plaintiffs during their employment by Defendants through the date this Agreement is executed by the Parties. Plaintiffs represent that,

except for the Lawsuit, there are no pending administrative complaints, charges, lawsuits, claims counterclaims, demands, appeals or actions filed with any court or any federal, state or local agencies/administrative bodies alleging violations of the FLSA, NYLL or improper payment of wages as against Defendants.

b.   Upon execution of this Agreement, the Parties' counsel shall execute a Stipulation of Dismissal ("Stipulation"), in the form attached hereto as Exhibit A, which Defendants' counsel shall hold in escrow pending payment of the Settlement Amount.

c.   The Parties agree to use their best efforts to obtain the Court's approval of this Agreement.

d.   Upon the Court's approval of this Agreement, and following payment of the Settlement Amount, Defendants' counsel shall file with the Court the executed Stipulation.

7.    **Attorneys' Fee and Costs Provision**: If either party files a lawsuit (or court pleading) or arbitration to enforce the terms of the Agreement, and this results in a recovery of damages for that party against the other otherwise results in a finding of liability against the other party, then the prevailing party shall have the right to collect from the other the prevailing party's reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing the Agreement.

8.    **Entire Agreement**. The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

9.    **Waiver and Modification**. This Agreement may not be modified, altered or changed except upon express written consent of the Parties.

10.    **Counterparts**. This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy of this Agreement shall, for all purposes, be deemed an original and in full force and effect.

11.    **Use of the Singular**. Whenever used in this Agreement, the singular word shall include the plural, the plural the singular, and the use of any gender shall be applicable to all

genders. This Agreement shall not be interpreted in favor of, or against, either party because of such party having drafted this Agreement.

12.    **Governing Law**. This Agreement shall be subject to and governed by the laws of the State of New York.

13.    **Severability Clause**.  If any term or provision of this Agreement, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable to Defendants.

In Witness Whereof, Plaintiffs and Defendants hereunto have executed this Agreement on the date(s) set forth below.

ELIANA GALAN

_____    Dated:_____
Eliana Galan

ELSA MAYOR

_____    Dated:_____
Elsa Mayor

AMILCAR TORRES

_____    Dated:_____
Amilcar Torres

EL ANZUELO FINO, CORP.

_____    Dated:_____
By: Amilcar Torres

STATE OF NEW YORK   )
          : ss.
COUNTY OF NEW YORK  )

On this day of November 2018, before me personally came Eliana Galan known to me to be the person described in and who executed the foregoing Settlement Agreement And General Release, and who duly acknowledged to me that she executed the same.


_____
Notary Public


STATE OF NEW YORK   )
          : ss.
COUNTY OF NEW YORK  )

On this day of November 2018, before me personally came Elsa Mayor known to me to be the person described in and who executed the foregoing Settlement Agreement And General Release, and who duly acknowledged to me that she executed the same.


_____
Notary Public

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
ELIANA GALAN, on behalf of herself and others          :   No. 18-cv-00881-CBA-SJB
 similarly situated,                                    :
                                                        :
                    Plaintiffs,                         :
v.                                                      :   <u>STIPULATION OF DISMISSAL</u>
                                                        :   <u>WITH PREJUDICE</u>
EL ANZUELO FINO, CORP.; SIERRA REYES;                   :
 and AMILCAR TORRES                                     :
                                                        :
                    Defendants.                         :
----------------------------------------------------------- x

   IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Eliana Galan
and opt-in plaintiff Elsa Mayor (collectively "Plaintiffs") and defendants El Anzuelo Fino, Corp.
and Amilcar Torres (collectively "Defendants"), that pursuant to Federal Rule Civil Procedure
41(a)(1), this action is dismissed with prejudice, and further that for a period of not longer than
sixty days jurisdiction shall remain with the Court to enforce the terms of the settlement
agreement approved in this action and all matters arising thereunder.

   IT IS FURTHER STIPULATED AND AGREED, by and between the Plaintiff and
Defendants that a facsimile copy of this stipulation shall have the same binding effect as an
original thereof.

 Dated: New York, NY
      [], [], []

LAW OFFICE OF MOHAMMED GANGAT       GOLDBERG & FLIEGEL LLP


By:_____          By:_____
      Mohammed Gangat                      Kenneth A. Goldberg, Esq.
      675 3rd Avenue, Suite 1810        488 Madison Avenue, Suite 1120
      New York, NY 10017                   New York, NY 10022

 *Attorneys for Plaintiffs*                 *Attorneys for Defendants*


**SO ORDERED:**



_____
**Hon Sanket J. Bulsara, U.S.M.J.**