# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement And Release ("Agreement") is made by and between (1) Eliana Galan and Elsa Mayor (collectively, the "Plaintiffs"), and (2) El Anzuelo Fino, Corp. and Amilcar Torres (collectively, the "Defendants"). Plaintiffs and Defendants are collectively referred to as the "Parties."

WHEREAS, Eliana Galan filed a lawsuit against Defendants in the United States District Court for the Eastern District of New York ("Court"), assigned Index Number 18 Civ. 00881 (CBA) (SJB) (the "Action" or the "Lawsuit") alleging that Defendants are liable for, among other things, unpaid minimum wage, overtime premium pay, spread-of-hours pay, statutory damages for failure to comply with wage notice and wage statement laws, liquidated damages, attorneys' fees and costs and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") and its implementing regulations;

WHEREAS, after the Lawsuit was filed, Elsa Mayor filed a Consent To Sue Under the Fair Labor Standards Act, seeking to join the Lawsuit as a party plaintiff;

WHEREAS, Defendants deny and continue to deny Plaintiffs' claims;

WHEREAS, there is a genuine good faith dispute between the Parties as to Plaintiffs' claims in the Action, including without limitation disputes regarding issues of fact and law, and

WHEREAS, the Parties have engaged in good faith settlement negotiations, including without limitation through a September 2018 settlement conference at Court before a Magistrate Judge, and as a result have agreed to a settlement pursuant to the terms of this Agreement; and

WHEREAS, the Parties have considered the interests of all concerned are best served by compromise, settlement, and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests.

NOW THEREFORE, in consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows:

1. **Settlement.** The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not be construed as an admission by Defendants of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as an, admission of any act or fact whatsoever, including but not limited to any violation of federal, state,

local or common law, statute, ordinance, directive, regulation or order (including executive orders).

    2.    **Payment to Plaintiffs.** In return for the good and sufficient consideration set forth herein, the Parties agree to the following:

    a.    Defendants shall pay Plaintiffs the amount of $3,750 (the "Settlement Amount"). Plaintiffs agree to divide the Settlement Amount as follows: (i) $1,500 to Eliana Galan, (ii) $1,500 to Elsa Mayor, and (iii) $750 to Plaintiff's counsel, Mohammed Gangat, Esq. (as and for attorneys' fees and costs).

    b.    Plaintiffs' counsel shall provide Defendants with executed W-9 forms for Ms. Galan, Ms. Mayor and Plaintiffs' counsel at the time of the execution of this Agreement.

    c.    Defendants agree to pay the Settlement Amount by check made payable to Mohammed Gangat, Esq. and delivered to Mohammed Gangat, Esq., 675 3rd Avenue, Suite 1810, New York, NY 10017, via USPS mail with tracking service, or a comparable alternative (or by hand delivery), within fourteen days of the later of: (i) the Court's approval of the Agreement and (ii) the parties' complete execution of the Agreement.

    3.    **Release and Waiver of Rights and Claims by the Parties.**

    a.    Release of Claims. In consideration for the settlement payment set forth above, Plaintiffs, on behalf of themselves individually and collectively, and on behalf of their respective spouses, family members, heirs, executors, administrators, estate, partners, children, trustees, agents, representatives, predecessors, successors, assigns, and attorneys, hereby completely, irrevocably and unconditionally do release, waive and forever discharge all of the claims alleged in the Action and any and all claims, charges, complaints, judgments, or liabilities of any kind, against Defendants, their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, fiduciaries, trustees, administrators, employees, attorneys, accountants, insurers, reinsurers, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "RELEASEES"), whether known or unknown, and whether asserted or unasserted, arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., the New York State Labor Law (a/k/a "New York Labor Law"), as amended (including all regulations and minimum wage

orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, et seq., the New York Labor Law §§230, et seq., the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, and the New York State Wage Theft Prevention Act, all statutory, common law, legal and equitable claims for compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, and any claim for attorneys' fees or costs incurred in pursuing any such claims against any of the RELEASEES.

4. For the avoidance of doubt, it is expressly noted that nothing in this agreement is intended to waive Plaintiffs' claims against Defendants for alleged violations of the New York State Human Rights Law and New York City Human Rights Law.

5. **No Other Payment Due**. Except as specifically provided in this Agreement, Plaintiffs agree that they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from Defendants for any work they performed for Defendants during the relevant period as defined in the Complaint to the date the Parties execute this Agreement. For the avoidance of doubt, it is expressly noted that nothing in this agreement is intended to limit Plaintiffs' rights to any award for damages for claims for alleged violations of the New York State Human Rights Law and New York City Human Rights Law, including claims for backpay, frontpay or any other item of damages available under these laws.

6. **Dismissal of the Action**.

a. Plaintiffs promise and represent that they will withdraw and dismiss, with prejudice, any and all outstanding administrative complaints or charges alleging improper payment of wages filed with federal, state and local agencies/administrative bodies, and will also withdraw or discontinue with prejudice all judicial actions concerning improper payment of wages, including without limitation, the Action, as well as any and all other lawsuits, claims, counterclaims, demands, appeals or actions concerning improper payment of wages pending against Defendants; and will not accept any money from or file any other currently existing internal or external administrative or judicial complaints, charges, lawsuits, claims, demands, appeals or actions of any kind based on Defendants' payment of wages to Plaintiffs during their employment by Defendants through the date this Agreement is executed by the Parties. Plaintiffs represent that,

except for the Lawsuit, there are no pending administrative complaints, charges, lawsuits, claims counterclaims, demands, appeals or actions filed with any court or any federal, state or local agencies/administrative bodies alleging violations of the FLSA, NYLL or improper payment of wages as against Defendants.

      b. Upon execution of this Agreement, the Parties' counsel shall execute a Stipulation of Dismissal ("Stipulation"), in the form attached hereto as Exhibit A, which Defendants' counsel shall hold in escrow pending payment of the Settlement Amount.

      c. The Parties agree to use their best efforts to obtain the Court's approval of this Agreement.

      d. Upon the Court's approval of this Agreement, and following payment of the Settlement Amount, Defendants' counsel shall file with the Court the executed Stipulation.

      7. **<u>Attorneys' Fee and Costs Provision</u>**: If either party files a lawsuit (or court pleading) or arbitration to enforce the terms of the Agreement, and this results in a recovery of damages for that party against the other otherwise results in a finding of liability against the other party, then the prevailing party shall have the right to collect from the other the prevailing party's reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing the Agreement.

      8. **<u>Entire Agreement</u>**. The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

      9. **<u>Waiver and Modification</u>**. This Agreement may not be modified, altered or changed except upon express written consent of the Parties.

      10. **<u>Counterparts</u>**. This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy of this Agreement shall, for all purposes, be deemed an original and in full force and effect.

      11. **<u>Use of the Singular</u>**. Whenever used in this Agreement, the singular word shall include the plural, the plural the singular, and the use of any gender shall be applicable to all

genders. This Agreement shall not be interpreted in favor of, or against, either party because of such party having drafted this Agreement.

12. **Governing Law**. This Agreement shall be subject to and governed by the laws of the State of New York.

13. **Severability Clause**. If any term or provision of this Agreement, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable to Defendants.

In Witness Whereof, Plaintiffs and Defendants hereunto have executed this Agreement on the date(s) set forth below.

ELIANA GALAN

_____ Dated:_____
Eliana Galan

ELSA MAYOR

_____ Dated:_____
Elsa Mayor

AMILCAR TORRES

_____[signature]_____ Dated: 03-16-2019
Amilcar Torres

EL ANZUELO FINO, CORP.

_____[signature]_____ Dated: 03-16-2019
By: Amilcar Torres

genders. This Agreement shall not be interpreted in favor of, or against, either party because of such party having drafted this Agreement.

12. **Governing Law.** This Agreement shall be subject to and governed by the laws of the State of New York.

13. **Severability Clause.** If any term or provision of this Agreement, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable to Defendants.

In Witness Whereof, Plaintiffs and Defendants hereunto have executed this Agreement on the date(s) set forth below.

ELIANA GALAN

_Eliana Galan_ Dated: 03-05-2019
Eliana Galan

ELSA MAYOR

_____ Dated:_____
Elsa Mayor

AMILCAR TORRES

_____ Dated:_____
Amilcar Torres

EL ANZUELO FINO, CORP.

_____ Dated:_____
By: Amilcar Torres

Page **5** of 6

genders. This Agreement shall not be interpreted in favor of, or against, either party because of such party having drafted this Agreement.

12. **Governing Law.** This Agreement shall be subject to and governed by the laws of the State of New York.

13. **Severability Clause.** If any term or provision of this Agreement, or the application thereof to any person or circumstance, shall to any extent be found invalid or unenforceable, the remainder of the Agreement, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable to Defendants.

In Witness Whereof, Plaintiffs and Defendants hereunto have executed this Agreement on the date(s) set forth below.

ELIANA GALAN

_____   Dated:_____
Eliana Galan

ELSA MAYOR

_Elsa B. Mayor_ (signature)   Dated: 3/13/19
Elsa Mayor

AMILCAR TORRES

_____   Dated:_____
Amilcar Torres

EL ANZUELO FINO, CORP.

_____   Dated:_____
By: Amilcar Torres

STATE OF NEW YORK )
: ss.
COUNTY OF NEW YORK )

On this day of March 2019, before me personally came Eliana Galan known to me to be the person described in and who executed the foregoing Settlement Agreement And General Release, and who duly acknowledged to me that she executed the same.

_____
Notary Public

Mohammed A. Gangat
Notary Public. NY. Nassau Cty. No.
02GA6348633
Exp. 10/03/20

STATE OF NEW YORK )
: ss.
COUNTY OF NEW YORK )

On this day of March 2019 before me personally came Elsa Mayor known to me to be the person described in and who executed the foregoing Settlement Agreement And General Release, and who duly acknowledged to me that she executed the same.

_____
Notary Public

Mohammed A. Gangat
Notary Public. NY. Nassau Cty. No.
02GA6348633
Exp. 10/03/20

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
ELIANA GALAN, on behalf of herself and others : No. 18-cv-00881-CBA-SJB
  similarly situated, :
  :
  :
        Plaintiffs, :
v.  : STIPULATION OF DISMISSAL
  : WITH PREJUDICE
EL ANZUELO FINO, CORP.; SIERRA REYES; :
  and AMILCAR TORRES :
  :
  :
        Defendants. :
---------------------------------------------------------------- x

      IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Eliana Galan and opt-in plaintiff Elsa Mayor (collectively "Plaintiffs") and defendants El Anzuelo Fino, Corp. and Amilcar Torres (collectively "Defendants"), that pursuant to Federal Rule Civil Procedure 41(a)(1), this action is dismissed with prejudice, and further that for a period of not longer than sixty days jurisdiction shall remain with the Court to enforce the terms of the settlement agreement approved in this action and all matters arising thereunder.

      IT IS FURTHER STIPULATED AND AGREED, by and between the Plaintiff and Defendants that a facsimile copy of this stipulation shall have the same binding effect as an original thereof.

Dated: New York, NY
       [], [], []

LAW OFFICE OF MOHAMMED GANGAT    GOLDBERG & FLIEGEL LLP

By:_____    By:_____
   Mohammed Gangat               Kenneth A. Goldberg, Esq.
   675 3rd Avenue, Suite 1810        488 Madison Avenue, Suite 1120
   New York, NY 10017               New York, NY 10022

*Attorneys for Plaintiffs*                 *Attorneys for Defendants*


**SO ORDERED:**



_____
**Hon Sanket J. Bulsara, U.S.M.J.**